**TRANSMISSION AGENCY OF NORTHERN CALIFORNIA, et al., Petitioners**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent**

**Sacramento Municipal Utility District, et al., Intervenors**

No. 15–1057
15–1241
**September Term, 2016**

United States Court of Appeals, District of Columbia Circuit.

Filed On: June 1, 2017

Tyler Evan Mansholt, Michael Postar, Matthew Richard Rudolphi, Lisa S. Gast, Natalie Marie Karas, Peter J. Scanlon, Duncan Weinberg Genzer & Pembroke, PC, Washington, DC, Sean Neal, Duncan, Weinberg, Genzer & Pembroke, PC, Sacramento, CA, for Petitioners.

Susanna Ying Yee Chu, Federal Energy Regulatory Commission (FERC) Office of General Counsel, Robert Harris Solomon, Esquire, Federal Energy Regulatory Commission (FERC) Office of the Solicitor, Washington, DC, for Respondent.

Harvey L. Reiter, Jonathan Peter Trotta, Stinson Leonard Street LLP, Gregg Ottinger, Duncan & Allen, Washington, DC, Daniel Griffiths, Braun Blaising McLaughlin Smith, P.C., Sacramento, CA, Lisa G. Dowden, Katharine Minkel Mapes, Spiegel & McDiarmid LLP, Washington, DC, Matthew Jay Goldman, Office of the Attorney General, State of California, California Department of Justice, Sacramento, CA, Daniel Shonkwiler, Roger Edward Collanton, California Independent System Operator Corporation, Folsom, CA, Alyssa Tze–Jen Koo, Pacific Gas and Electric Company, San Francisco, CA, for Intervenors.

Before: Garland, Chief Judge, and Kavanaugh and Pillard, Circuit Judges.

## JUDGMENT

Per Curiam

These petitions for review were considered on the record from the Federal Energy Regulatory Commission (FERC) and were briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petitions for review be denied.

This case involves a contract dispute between Transmission Agency of Northern California (TANC), a joint powers agency composed of various water districts and municipalities, and Pacific Gas and Electric Company (PG & E), a public utility. The relevant contract (the Operation Agreement) coordinates the operation of three transmission lines—together, the California–Oregon Intertie—that deliver electricity from the Pacific Northwest to Central California. TANC owns and manages one of these lines, while PG & E owns the largest portion of the other two.

A key feature of the Operation Agreement is the use of "remedial action schemes": mechanisms that the parties employ to ensure electricity reliability during unplanned outages. One of PG & E's longstanding remedial actions involved the California Department of Water Resources (DWR). Under a separate agreement, PG & E provided transmission service to DWR, while DWR allowed PG & E to interrupt operation of DWR's facilities during unplanned outages. This agreement was set to expire by its own terms at the end of 2014, and PG & E told TANC that it did not intend to replace or mitigate the loss of the DWR remedial action.

TANC then filed a complaint with FERC, contending that PG & E had anticipatorily breached the Operation Agree-ment. Denying that complaint and the subsequent rehearing petition, FERC concluded that the Operation Agreement unambiguously allowed PG & E to let the DWR remedial action expire without replacement or mitigation. *See Transmission Agency of N. Cal. v. Pac. Gas & Elec. Co.,* 148 FERC ¶ 61,150 (2014) (Complaint Order); *Transmission Agency of N. Cal. v. Pac. Gas & Elec. Co.,* 150 FERC ¶ 61,133 (2015) (Complaint Rehearing Order). After PG & E and DWR entered a new agreement that lacked any remedial action, TANC levied a separate challenge to that agreement. FERC likewise rebuffed that challenge and the follow-on rehearing petition. *Pac. Gas & Elec. Co.,* 149 FERC ¶ 61,276 (2014) (Termination Order); *Pac. Gas & Elec. Co.,* 151 FERC ¶ 61,252 (2015) (Termination Rehearing Order). TANC now petitions for review of these four orders.

At the outset, we reject FERC's standing and ripeness challenges to our authority to hear the petitions for review. As the direct object of agency adjudications that "define[d] contractual rights and obligations," TANC has standing to challenge the Complaint Order and Complaint Rehearing Order. *See Sw. Power Pool, Inc. v. FERC,* 736 F.3d 994, 996 (D.C. Cir. 2013); *Sierra Club v. EPA,* 292 F.3d 895, 899–900 (D.C. Cir. 2002). TANC also submitted evidence showing that FERC's approval of PG & E's new agreement with DWR will cause TANC concrete injury: in particular, the absence of remedial action will reduce transfer and import capability on the Intertie, J.A. 682–84, which in turn will cause TANC members economic harm, J.A. 384–85, 885–899. Such evidence suffices to establish TANC's standing to challenge the Termination Order and Termination Rehearing Order. *See Sierra Club,* 292 F.3d at 899. FERC's assertion that the controversy is not ripe for review fares no

better. TANC's challenges present a discrete question of contract interpretation, and delaying review would cause it hardship through the aforementioned loss of transfer and import capability. *See Sw. Power Pool*, 736 F.3d at 997.

Turning to the merits, the pivotal provision of the Operation Agreement specifies that "PG & E *shall not be required to replace any Remedial Action* or element thereof provided under its Comprehensive Agreement with [DWR] upon cancellation or termination of that agreement." J.A. 124 (emphasis added). FERC concluded that this provision unambiguously eliminates any duty PG & E might have to replace or mitigate the loss of the DWR remedial action. *See* Complaint Order, 148 FERC at 61,780–81; Complaint Rehearing Order, 150 FERC at 61,943–45; Termination Order, 149 FERC at 62,858; Termination Rehearing Order, 151 FERC at 62,-662.

TANC, by contrast, insists that the Operation Agreement is unambiguous in the other direction. *See* Petitioners' Br. 5–6; Oral Arg. Recording at 49:48–59. Specifically, TANC contends that other provisions of the Agreement requiring each party to avoid imposing "undue burdens" or making modifications with "adverse impacts" on other parties, J.A. 126, 131, must be read to apply to the expiration of the DWR remedial action. TANC does not argue, in the alternative, that if we were to find the contract ambiguous, we should remand for further proceedings. *See* Oral Arg. Recording at 49:33; *id.* at 50:11; *see also Braintree Elec. Light Dep't v. FERC*, 667 F.3d 1284, 1288 (D.C. Cir. 2012). Accordingly, any such argument is forfeited. *See U.S. Telecom Ass'n v. FCC*, 825 F.3d 674, 697 (D.C. Cir. 2016).

With both sides maintaining that the contract is clear on its face, our only task is to determine de novo which has the better reading. *See S. Cal. Edison Co. v. FERC*, 502 F.3d 176, 180–81 (D.C. Cir. 2007). We conclude that FERC does, for the reasons stated in the Commission's orders. *See* Complaint Order, 148 FERC at 61,781; Complaint Rehearing Order, 150 FERC at 61,943–45. We therefore deny TANC's petitions for review.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.